UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TERENCE LEE STOKES, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:11-cv-329-WTL-WGH |
| | ) | |
| MR. STROHL, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion for Summary Judgment**

For the reasons explained in this Entry, the defendant's motion for summary judgment must be granted and this action must be dismissed without prejudice. The plaintiff's motion to consider his filing of September 18, 2014 [dkt 49] is **granted.**

**I. Background**

Plaintiff Terence Stokes is a federal inmate currently in the custody of the Federal Bureau of Prisons ("BOP") in Talladega, Alabama. He brings this lawsuit pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotic Agents*, 403 U.S. 388 (1971), alleging that the defendant subjected Stokes to unduly rigorous treatment in the Special Housing Unit of the Federal Correctional Complex in Terre Haute, Indiana ("FCC Terre Haute"). Arguing that Stokes failed to exhaust his available administrative remedies with respect to these claims, the defendant moves for summary judgment. Stokes has not responded to the defendant's motion with evidentiary material or with a discussion of the evidence on which the defendant relies.

## II. Discussion

### A. Legal Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007).

By not responding to the motion for summary judgment with evidentiary material, Stokes has conceded to the defendant's version of the facts. *Brasic v. Heinemann's Inc.*, 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56-1(f)(1), of which the plaintiff was notified. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the standard for assessing a Rule 56 motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment in this case is the Prison Litigation Reform Act ("PLRA'"), 42 U.S.C. § 1997e(a), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. *See Porter v. Nussle,* 534 U.S. 516, 532 (2002)("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life . . . .").

"[T]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 212 (2007). The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 84.

### B. Material Facts

On the basis of the pleadings and the expanded record, and specifically on the portions of the record which comply with the requirements of Rule 56(c), the following facts, construed in the manner most favorable to Stokes as the non-movant, are undisputed for purposes of the motion for summary judgment:

At the time pertinent to his claim Stokes was a convicted offender in the custody of the Federal Bureau of Prisons ("BOP") and was confined at the FCC Terre Haute. Stokes was a "prisoner" as defined by applicable statute. 42 U.S.C. § 1997e(h) ("As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.").

The BOP has an administrative remedy system codified at 28 C.F.R. § 542.10 *et seq*., and BOP Program Statement 1330.16, *Administrative Remedy Procedures for Inmates*. To exhaust the BOP's administrative remedies, an inmate must first file an informal request ("BP- 8") with an appropriate institution staff member. If not satisfied with the proposed informal resolution, the inmate may file a formal request with the institution Warden ("BP-9"). If not satisfied with the

response to the BP-9, the inmate may appeal to the Regional Director ("BP- 10"). If not satisfied with the Regional Director's response, the inmate may appeal to the BOP's General Counsel ("BP-11"). Once an inmate receives a response to his appeal from the General Counsel and after filing administrative remedies at all required levels, the administrative remedy process is complete. An exception to the initial filing at the institutional level exists if the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the request became known at the institution. 28 C.F.R. § 542.14(d). In this instance, the inmate may submit the initial request directly to the Regional Director ("sensitive BP-10"). The submission must contain the word "sensitive" on the envelope, and contain a written explanation of the inmate's reasoning for not following the normal course and filing initially at the institutional level. If the Regional Administrative Remedy Coordinator agrees the issue is sensitive, the request will be accepted, and processed accordingly. If the Regional Administrative Remedy Coordinator disagrees, the request will be rejected, the inmate will be advised of the rejection in writing, and the inmate will be directed to initiate his exhaustion efforts locally at the institutional level by filing a BP-9 with the Warden.

All codified BOP Program Statements are available for inmate access through the institution law library. Additionally, administrative remedy filing procedures are outlined in an Inmate Information Handbook which is available to inmates at their respective BOP facility.

Stokes' administrative filings were reviewed to determine whether or not he had exhausted the mandatory administrative remedy process in connection with the allegations contained in his second amended complaint.

An electronic record is kept showing what grievances are filed by an inmate and what appeal, if any is filed, as well as the response(s) thereto. The proposed material facts relied on by the defendant are based in part on the electronic record.

The evidentiary record shows that Stokes did not file a grievance concerning the alleged excessive use of force against him while he was confined to the Special Housing Unit of the FCC Terre Haute. While assigned to that Unit Stokes filed several administrative remedy requests—on subjects such as requesting dental care and concerns with the plumbing in his cell and the adequacy of the law library—but none of these were filed and appealed to completion in accordance with the procedures established by the BOP, and none dealt with the subject of the alleged use of excessive force against him.

### C. Analysis

As noted, the defendant seeks summary judgment on the basis that Stokes failed to exhaust available administrative remedies.

It is undisputed that Stokes failed to complete the exhaustion process before filing this action. Therefore, in light of 42 U.S.C. § 1997e(a), Stokes' lawsuit should not have been brought and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

### III. Conclusion

For the reasons explained above, the motion for summary judgment [dkt 40] is **granted.** Judgment consistent with this Entry shall now issue.

The conference set for December 23, 2014 is **vacated.**

**IT IS SO ORDERED.**

Date: 10/10/14

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

TERENCE LEE STOKES, SR.
21130-076
FCI Talladega
Federal Correctional Institution
P.O. Box 1000
Talladega, AL 35160

Electronically Registered Counsel