UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TERENCE LEE STOKES, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:11-cv-329-WTL-WGH |
| | ) | |
| MR. STROHL, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Ruling on Pending Post-Judgment Motions**

**I.**

Terence Stokes, a federal inmate, brought this lawsuit pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotic Agents*, 403 U.S. 388 (1971), alleging that the defendant subjected Stokes to unduly rigorous treatment in the Special Housing Unit of the Federal Correctional Complex in Terre Haute, Indiana ("FCC Terre Haute"). The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. ▪ 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

An action to which the exhaustion requirement applies brought before exhaustion was complete must be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice."). That describes the posture of this action at the time the court ruled on the defendant's unopposed motion for summary judgment. Specifically, as explained on page 5 of the Entry issued on October 10, 2014: "The evidentiary record shows that Stokes did not file a grievance concerning the alleged excessive use of force against him while he was confined to the Special Housing Unit of the FCC Terre Haute. While assigned to that Unit Stokes filed several administrative remedy requests—on subjects such as requesting dental care and concerns with the plumbing in his cell and the adequacy of the law library—but none of these were filed and appealed to completion in accordance with the procedures established by the BOP, and none dealt with the subject of the alleged use of excessive force against him." Accordingly, the motion for summary judgment was granted and the action was dismissed without prejudice in the Judgment entered on the clerk's docket on October 10, 2014.

Following the entry of final judgment, Stokes filed several motions. These are labeled as follows:

| | |
|---|---|
| Motion for order directing further service | dkt 52 |
| Motion for forms to file an appeal | dkt 53 |
| Motion to alter or amend judgment | dkt 54 |
| Motion for order directing further service | dkt 56 |

The above motions are addressed in this Entry.

**II.**

As noted above, final judgment has been entered in this case. The entry of final judgment left no claim to be resolved. *Price v. Wyeth Holdings Corp.,* 505 F.3d 624, 629 (7th Cir. 2007)("[A] 'cause' (that is, lawsuit) cannot continue to exist once every Acause of action@within it has been

dismissed."). The action sought in the motions requesting further service of process is therefore not warranted and those motions [dkt 52 and dkt 56] are **denied**.

**III.**

The motion to alter or amend judgment cites Rule 59(e) of the *Federal Rules of Civil Procedure*. Omitting formal portions, the entirety of the motion is this:

> Now Come Terence Lee Stokes, Sr., #21130076 Humbly Requesting the Court to remove 42 U.S.C. § 1997a (Initiation of civil action) from page five of the Litigation, of Material Facts.

There is a reference to 42 U.S.C. § 1997e(a) on page five of the Entry issued on October 10, 2014. The reference is intentional and conveys the basis for the statutory requirement which was the focus of the court's ruling on the motion for summary judgment. Stokes' motion does not contain any reason for the relief he seeks, does not make clear what he means by "remove," and certainly does not contain grounds supporting relief under Rule 59(e). *Cincinnati Life Ins. Co. v. Beyrer,* 722 F.3d 939, 954 (7th Cir. 2013)("A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.")(internal quotation omitted).

Accordingly, Stokes' motion to alter or amend judgment [dkt 54] is **denied**.

**IV.**

The motion for forms to file an appeal demonstrate Stokes' desire to appeal the final judgment. In the present case, that is sufficient for the motion to be treated as a notice of appeal. *1756 W. Lake St. LLC v. Am. Chartered Bank,* No. 14-3435, 2015 WL 2331828, at *1 (7th Cir. May 15, 2015).

The motion for forms to file an appeal [dkt 53] is **granted** to the extent that the clerk shall **process that document as a notice of appeal** from the final judgment issued on October 10, 2014 and is in all other respects **denied**.

IT IS SO ORDERED.

Date: 5/26/15

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

TERENCE LEE STOKES, SR.
21130-076
FCI Talladega
Federal Correctional Institution
P.O. Box 1000
Talladega, AL 35160

Electronically Registered Counsel